FILED '09 JAN 27 16:50 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT C. STULL and CLAIR J. STULL,

        Plaintiffs,

v.

WEST COAST BANK; ASPEN TREE HOMES; ASPEN TREE HOMES LLC; DONALD LOYD; KEVIN LOYD; MORTGAGE PROFESSIONALS OF CENTRAL OREGON, INC.; JUDY McCLURG; FIRST AMERICAN TITLE INSURANCE COMPANY OF OREGON; and HEATHER SMAILYS,

        Defendants.

Civil Case No. 08-6362-AA
OPINION AND ORDER

---

Steven M. McCarthy
McCarthy Law Offices
1265 Highway 51
Independence, OR 97351
    Attorney for Plaintiffs

David B. Markowitz
Kerry J. Shepered
Markowitz, Herbold, Glade & Mehlhaf, P.C.
Suite 3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204-3730
    Attorneys for Defendant
    West Coast Bank

Page 1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiffs filed a "complaint for damages for truth in lending violations, fraud, unfair business practices, conversion, conspiracy, negligence, unjust enrichment, constructive trust and other equitable relief" (doc. 1, ex. A) in the Circuit Court of the State of Oregon for the County of Deschutes. Defendant West Coast Bank ("West Coast") removed the action to the United States District Court for the District of Oregon. Plaintiffs filed a Motion to Remand[1]. For the reasons stated below, plaintiffs' Motion to Remand is DENIED.

## I. BACKGROUND

Plaintiffs are a married couple living in Walnut Creek, California. Defendants Donald Loyd and Kevin Loyd (the "Loyds") were the principals of defendant Aspen Tree Homes LLC ("Aspen"), an Oregon limited liability company. Plaintiffs purchased a parcel of land (the "Land") from Loyds and Aspen, upon which a home, or tract of homes, would be built. The Land is located in Klamath Falls, Oregon.

Loyds directed plaintiffs to defendant West Coast to secure a construction loan (the "Loan") for the Land. Plaintiffs and West Coast entered into the Loan on March 1, 2007. Plaintiffs

---

[1] Judge Hogan denied similar motions in related cases. Civ. No. 08-6361-TC and Civ. No. 08-6333-HO.

also entered into a construction agreement (the "Agreement") with West Coast and Aspen, which included a construction disbursement procedure for Loan funds.  Plaintiffs allege West Coast failed to make early disclosures in the Loan and/or the Agreement, violating the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA").  Plaintiffs also allege West Coast failed to make a good faith estimate and failed to itemize the amount financed in the Loan and the Agreement.

Loyds and Aspen were paid $5,000.00 as a management fee from the Loan.  Plaintiffs allege defendants First American Title Insurance Company of Oregon and Heather Smailys (collectively "First American") failed to disclose the management fee, which was "purported to be taken from the sellers [sic] money at closing."  Plaintiffs also paid Loyds and Aspen $5,000.00 for "building management".  No consideration was ever provided, and the money was never returned to Plaintiffs.

In November 2007, Loyds and Aspen allegedly withdrew funds from the Loan for plans, permits and fees for the Land, which were never paid.  Plaintiffs allege that beginning November 2007, through February 2008, Loyds and Aspen forged draw requests and converted money from the Loan for defendants' own use without authorization from plaintiffs.  Some of these funds were allegedly released by West Coast after plaintiffs advised West Coast not to release any funds to Loyds or Aspen without

Page 3 - OPINION AND ORDER

plaintiffs' consent.

In early 2008, plaintiffs learned there was not enough money left in the Loan to complete construction. The building permits for the Land expired and construction was never completed. Contractors, suppliers, and service providers were not paid as contemplated in the Loan and the Agreement. Some contractors have filed mechanic's liens on the property and/or are contemplating breach of contract actions, presumably against plaintiffs. Nonjudicial foreclosure on the property was scheduled for December 4, 2008.

On or around October 14, 2008, plaintiffs filed the state court complaint. Nine defendants are listed in the complaint. In addition to the TILA claim, the complaint contains several Oregon state law claims such as fraud, conversion, and unjust enrichment.

On November 7, 2008, prior to service on any defendants, West Coast removed the action to this court. In the Notice of Removal, West Coast stated the complaint asserted West Coast violated the TILA and related federal regulations, and thus included a question of federal law. West Coast asserted this court has supplemental jurisdiction. <u>Id.</u>

## II. <u>STANDARDS</u>

28 U.S.C. § 1441 identifies situations in which a case may be removed to district court. Section 1441(a) states "any civil

Page 4 - OPINION AND ORDER

action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States...." District courts have original jurisdiction over all civil claims arising under the Constitution, laws, or treaties of the United States. Id. § 1331.

When the district courts have original jurisdiction over a civil action, they also have supplemental jurisdiction over all other claims so related as to form part of the same cause or controversy under Article III of the United States Constitution. Id. § 1367(a). Supplemental jurisdiction exists when the state and federal claims "derive from a common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). If "a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." Id.

The district courts may decline to exercise supplemental jurisdiction if the claim raises a novel or complex issue of state law, if the state law claim predominates over the claim(s) establishing original jurisdiction, if the claims establishing original jurisdiction have been dismissed, or in exceptional or compelling circumstances. 28 U.S.C. § 1367(c).
///

III. DISCUSSION

1. Subject Matter Jurisdiction

Plaintiffs' first claim alleges a "COMPLAINT FOR DAMAGES FOR TRUTH IN LENDING VIOLATIONS," specifically, a breach of TILA obligations. Plaintiffs' allegation of a TILA violation is a "civil claim arising under" a law of the United States, and thus district courts have original jurisdiction over this claim pursuant to 28 U.S.C. § 1331. Therefore, removal pursuant to 28 U.S.C. 1441(a) was proper.

Plaintiffs' argument that they could have brought the same allegations under state law, but chose instead to bring the allegations under the TILA, does not mean that this court forgoes original jurisdiction over the TILA claims. Plaintiffs' Motion to Remand is denied.

2. Supplemental Jurisdiction

This court also has supplemental jurisdiction over plaintiffs' state law claims. Supplemental jurisdiction exists when the state and federal claims "derive from a common nucleus of operative fact." Gibbs, 383 U.S. at 725. The facts at issue arise from the Loan and the Agreement, the contents of which, together with the alleged violations of the TILA, give rise to the state law claims. The alleged violations of the TILA and other federal regulations are indeed substantial federal issues, and plaintiffs would ordinarily be expected to bring all the

Page 6 - OPINION AND ORDER

claims in one judicial proceeding. This court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

## CONCLUSION

I find that this court has original and supplemental jurisdiction over this matter. Plaintiffs' Motion to Remand and request for attorney fees (doc. 5) is DENIED. Further, plaintiffs' request for oral argument is denied as unnecessary. IT IS SO ORDERED.

Dated this 27 day of January 2009.

_____
Ann Aiken
United States District Judge

Page 7 - OPINION AND ORDER